CORRIGAN, J.
(dissenting). I would deny defendant’s application for leave to appeal. I note preliminarily that the Court’s order of remand for resentencing is certainly premature. As the order acknowledges, the trial court is not required to reduce defendant’s maximum sentences, but may exercise its discretion to do so. Accordingly, at most we should remand for Judge Michael Warren to decide, at his discretion, whether to resentence defendant, as we have done in other cases. E.g., People v Yahne, 477 Mich 998 (2007) (remanding to the circuit court and stating that the court “may, in its discretion, decide whether resentencing is necessary”).
In any event, I would not expend the scarce resources of the criminal justice system on this resentencing because defendant was paroled after he filed his application for leave to appeal in this Court. In my view, his current claim is moot precisely because he is at liberty while on parole. He is scheduled for discharge from parole on December 2, 2012, long before the expiration of the maximum sentences he now challenges. His paroled sentences will affect his personal liberty only if he reoffends before his discharge and is returned to prison. In that event, he may become liable to serve the remaining portion of the paroled sentences. MCL 768.7a(2). Therefore, I would not grant relief. I would enter an order authorizing defendant to seek resentencing only if he reoffends.
Young, J. I join the statement of Justice Corrigan.